Dear Ms. Craig:
On behalf of the Board of Commissioners of the North Okaloosa Fire District, you have asked for my opinion on substantially the following questions:
 1. Is a resolution adopted by the North Okaloosa Fire District authorizing the district to charge impact fees a general law of local application such that the provisions of Chapter 191, Florida Statutes, do not affect the district's authority to impose impact fees when the current district charter does not specifically authorize impact fees?
 2. Is section 163.31801, Florida Statutes, sufficient authority from the Legislature to allow a fire control district to impose impact fees in conjunction with Chapter 191, Florida Statutes, and must an independent fire district follow the requirements provided in that section?
In sum:
 The Board of Fire Commissioners of the North Okaloosa Fire District currently has no authority to levy impact fees.
Your questions relate to the authority of an independent special fire control district to impose impact fees, and, as they are related, will be addressed together. Nothing in this opinion should be understood to comment on the validity of previous actions of the North Okaloosa Fire District.
Chapter 2001-333, Laws of Florida, creates the charter for the North Okaloosa Fire District and recognizes that the district is an independent special fire control district subject to the provisions of Chapter 191, Florida Statutes.[1] The district is authorized to expend funds for certain purposes pursuant to section 9 of the act:
 "Funds of the district may not be used for any purpose other than for the administration of the affairs and business of the district; for the construction, care, maintenance, upkeep, operations, and purchase of standard firefighting equipment, which must meet the requirements of the underwriters' association; for construction and maintenance of fire stations, installation of fire hydrants, and payment of public utilities, such as electricity and water; for the salary of one or more firefighters; and for such other expenses as the board determines to be in the best interest of the district."
The business and affairs of the district are to be performed by a board of five commissioners, elected for a term of four years.[2] Chapter2001-333, Laws of Florida, authorizes the Board of Fire Commissioners of the North Okaloosa Fire District to levy a non-ad valorem assessment on taxable property within the district, but does not authorize the levy and collection of impact fees.[3] Thus, you have asked whether, despite the absence of any authorization for the levy of impact fees in the district's charter, the North Okaloosa Fire District can levy impact fees.
Chapter 191, Florida Statutes, the "Independent Special Fire Control District Act,"[4] was enacted by the Legislature to provide standards, direction, and procedures for the operation and governance of independent special fire control districts and to facilitate greater uniformity in the financing authority of such districts.[5] Section 191.003(5), Florida Statutes, defines the term "[i]independent special fire control district" to mean:
 "[A]n independent special district as defined in s. 189.403, created by special law or general law of local application, providing fire suppression and related activities within the jurisdictional boundaries of the district. The term does not include a municipality, a county, a dependent special district as defined in s. 189.403, a district providing primarily emergency medical services, a community development district established under chapter 190, or any other multiple-power district performing fire suppression and related services in addition to other services."[6]
As provided in Chapter 191, Florida Statutes, each district is required to comply with the act regardless of other more specific provisions of any special act or general law of local application creating the charter of the district.[7] The act specifically states:
 "Each district, regardless of any other, more specific provision of any special act or general law of local application creating the charter of the district, shall comply with this act. It is the intent of the Legislature that the provisions of this act supersede all special act or general law of local application provisions which contain the charter of an independent special fire control district and which address the same subjects as this act, except as such acts or laws address district boundaries and geographical subdistricts for the election of members of the governing board. However, this act does not require any modification to district financing or operations which would impair existing contracts, including collective bargaining agreements, debt obligations, or covenants and agreements relating to bonds validated or issued by the district. Further, this act does not repeal any authorization within a special act or general law of local application providing for the levy and assessment of ad valorem taxes, special assessments, non-ad valorem assessments, impact fees, or other fees or charges by a district."[8]
As provided in section 191.006(11), Florida Statutes, the district shall have, and the board may exercise by majority vote, the power to
"charge user and impact fees authorized by resolution of the board, in amounts necessary to conduct district activities and services, and to enforce their receipt and collection in the manner prescribed by resolution and authorized by law. However, the imposition of impact feesmay only be authorized as provided by s. 191.009(4)." (e.s.)
Section 191.009(4), Florida Statutes, provides:
 "(4) IMPACT FEES. — If the general purpose local government has not adopted an impact fee for fire services which is distributed to the district for construction within its jurisdictional boundaries, and the Legislature has authorized independent special fire control districts to impose impact fees by special act or general law other than this act, the board may establish a schedule of impact fees in compliance with any standards set by general law for new construction to pay for the cost of new facilities and equipment, the need for which is in whole or in part the result of new construction. The impact fees collected by the district under this subsection shall be kept separate from other revenues of the district and must be used exclusively to acquire, purchase, or construct new facilities or portions thereof needed to provide fire protection and emergency services to new construction. As used in this subsection, "new facilities" means land, buildings, and capital equipment, including, but not limited to, fire and emergency vehicles, radiotelemetry equipment, and other firefighting or rescue equipment. The board shall maintain adequate records to ensure that impact fees are expended only for permissible new facilities or equipment. The board may enter into agreements with general purpose local governments to share in the revenues from fire protection impact fees imposed by such governments." (e.s.)
Thus, a fire control district's authority to impose impact fees pursuant to section 191.009(4), Florida Statutes, is dependent upon two factors: 1) the general purpose local government has not adopted an impact fee that is distributed to the district; and 2) the Legislature has authorized the independent special fire control district to impose impact fees by special act or general law other than Chapter 191, Florida Statutes.[9] If these two requirements are met, then section 191.006(11), Florida Statutes, would permit the board to charge and collect impact fees.
As discussed above, Chapter 2001-333, Laws of Florida, does not refer to or authorize the imposition of impact fees by the North Okaloosa Fire District and a board resolution does not rise to the level of legislative authorization required by the statute. You have also asked whether section 163.31801, Florida Statutes, provides the authority for an independent special fire control district to levy and collect impact fees. Section 163.31801, Florida Statutes, the "Florida Impact Fee Act"[10] imposes certain administrative requirements on local governmental entities, who are otherwise authorized to impose impact fees. This statute does not independently provide the authority for a local governmental entity, such as a special district, to impose impact fees.[11]
Section 191.009(4), Florida Statutes, requires that the Legislature authorize independent special fire control districts to impose impact fees by special act or general law outside Chapter 191, Florida Statutes. I am not aware of, and you have not brought to my attention, any provision of law outside Chapter 191, Florida Statutes, that would authorize the North Okaloosa Fire District to levy impact fees. Therefore, it is my opinion that the Board of Fire Commissioners of the North Okaloosa Fire District currently has no authority to levy impact fees.
Sincerely,
Bill McCollum Attorney General
BM/tgh
[1] Sections 1 and 2, Ch. 2001-333, Laws of Fla.
[2] Sections 3 and 4, id.
[3] See s. 6, Ch. 2001-333, Laws of Fla.
[4] See s. 191.011, Fla. Stat., for the title of the act.
[5] Section 191.002, Fla. Stat.
[6] Section 189.403(2), Fla. Stat., defines a "[d]ependent special district" to be a special district meeting at least one of these criteria: 1) the membership of the governing body is identical to that of the governing body of a single county or a single municipality; 2) all of the members of the district's governing body are appointed by the governing body of a single county or a single municipality; 3) during their terms of office, members of the special district's governing body are subject to removal at will by the governing body of a single county or a single municipality; 4) the district's budget requires approval through an affirmative vote or can be vetoed by the governing body of a single county or a single municipality. Compare s. 189.403(3), Fla. Stat., defining an "[i]ndependent special district" to be "a special district that is not a dependent special district as defined in subsection (2)." The statute goes on to provide that "[a] district that includes more than one county is an independent special district unless the district lies wholly within the boundaries of a single municipality."
[7] See s. 2, Ch. 2001-333, Laws of Fla., which states that "if any provision of [Chapter 191, Florida Statutes] conflicts with this act, the provisions of this act control." And see s. 4, Ch. 2001-333, Laws of Fla.
[8] Section 191.004, Fla. Stat.
[9] See Op. Att'y Gen. Fla. 01-02 (2001) discussing the legislative history surrounding the enactment of the Independent Special Fire District Act which supports this analysis.
[10] Section 163.31801(1), Fla. Stat., provides the title for the act.
[11] See the title to Ch. 2006-218, Laws of Fla., creating s. 163.31801, Fla. Stat., and indicating that the act was intended to require that an impact fee meet certain specified requirements concerning calculation of the fee, accounting for revenues and expenditures, provision of notice, and collection of administrative costs.